IN THE MATTER OF THE ARBITRATION BETWEEN

JUDGE KEENAN

EMPLOYERS INSURANCE COMPANY )
OF WAUSAU, )
                                   Petitioner, )
                   and )
PALADIN REINSURANCE CORPORATION, )
                                  Respondent. )

**08 CV 0042**

2008 Civ.

**PETITION TO CONFIRM REVISED ARBITRATION AWARD**

[Stamp: JAN 03 2008 U.S.D.C. S.D.N.Y. CASHIERS]

Petitioner Employers Insurance Company of Wausau ("Wausau") hereby petitions this Court to confirm the Revised Arbitration Award from the arbitration between Wausau and Paladin Reinsurance Corporation ("Paladin") as a judgment pursuant to 9 U.S.C. § 9.

### The Parties

1.    Wausau is an insurance company organized under the laws of Wisconsin, with its principal place of business at 400 Westwood Drive, Wausau, Wisconsin 54402, that is authorized to do insurance business in the State of New York.

2.    Paladin is a reinsurance company organized under the laws of the State of New York, with its principal place of business in New York, New York, that is authorized to do insurance business in the State of New York.

## Jurisdiction and Venue

3.  This Petition is brought under the diversity jurisdiction of this Court, 28 U.S.C. § 1332(a)(1), since there is complete diversity of citizenship between the parties and the amount at issue is greater than $75,000 exclusive of interest and costs.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) since Paladin is a New York reinsurance company and 9 U.S.C. § 9 since the venue of the arbitration was in New York City.

## The Reinsurance Contracts and the Arbitration Clauses

5.  Paladin reinsures Wausau pursuant to 19 certificates of facultative reinsurance (the "Reinsurance Contracts").

6.  Each of the Reinsurance Certificates contains an arbitration clause that requires, among other things, binding arbitration of irreconcilable differences of opinion between the parties concerning that Reinsurance Contract in New York, N.Y. (the "Arbitration Clauses").

## The Arbitration

7.  Paladin demanded arbitration against Wausau pursuant to the Arbitration Clauses in the Reinsurance Contracts by letter dated November 28, 2006, seeking, among other things, monetary relief from Wausau greater than $75,000.

8.  Two party-appointed arbitrators and a neutral umpire (collectively, the "Panel") were duly selected pursuant to the Arbitration Clauses.

9.  A telephonic Organizational Meeting was conducted before the Panel on February 27, 2006. Prior to the Organizational Meeting, each party submitted a Position Statement summarizing its position.

### Wausau's Motion to Dismiss

10. After the Organizational Meeting, Wausau moved to dismiss all claims against Wausau on the ground that all such claims were time-barred.

11. Both parties made written submissions to the Panel with respect to the motion to dismiss.

12. On August 8, 2007, the Panel conducted a hearing and heard oral argument from counsel for each party.

13. After the hearing, the Panel permitted both parties to make an additional written submission of documentary evidence and each party did so.

14. The Panel issued a Final Award dated August 29, 2007. Paladin then asked the Panel to clarify the Final Award.

15. In connection with Paladin's request for clarification, both parties made written submissions to the Panel.

### The Revised Final Award

16. After deliberation, the Panel issued its Revised Final Award on September 12, 2007. A copy of that document is Exhibit A hereto. The Revised Final Award, among other things, held that all Paladin's claims in that arbitration were time-barred.

17. No motion to vacate, modify or correct the Revised Final Award was made within the three-month period prescribed by 9 U.S.C. § 12.

**WHEREFORE,** Petitioner Wausau respectfully requests that judgment be entered confirming the Revised Final Award and awarding Wausau the costs and disbursements of this proceeding, and such other and further relief as may be just and equitable.

Dated: New York, New York
       January 3, 2008

RUBIN, FIORELLA & FRIEDMAN LLP

By: _____
Gerald A. Greenberger (GG 6032)

Attorneys for Petitioner
Employers Insurance Company of Wausau

292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

421-8190\Petition to Confirm Rev. Arb. Award.wpd

# EXHIBIT A

Case 1:08-cv-00042-JFK    Document 1    Filed 01/03/2008    Page 5 of 7

In the Matter of the Arbitration Between  
**PALADIN REINSURANCE CORPORATION,**  
Petitioner,

and

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**  
Respondent.

Before

Robert Robinson, Arbitrator  
Paul Hawksworth, Arbitrator  
Elizabeth M. Thompson, Umpire

### REVISED FINAL AWARD

This arbitration was commenced by demand served by Paladin Reinsurance Corporation (Paladin) dated November 28, 2006. Respondent Employers Insurance Company of Wausau (Wausau) filed a Motion to Dismiss Paladin's claims as time barred. After full briefing and submission of evidence by the parties, the Panel conducted a telephonic hearing on August 8, 2007. The Panel, after having considered and deliberated concerning the evidence presented and the written and oral submissions of the parties, issued its award on August 29, 2007. Subsequently Paladin requested the Panel to clarify its award. The Panel, after having considered the parties' submissions with respect to Paladin's request for clarification issues, the following revised final award:

1. Both parties submitted documentary evidence in support of their respective positions. The parties acknowledged that the panel has been provided with all the information required to rule on the issue raised by Wausau's motion. See August 8, 2007 Hearing Transcript, p. 52. The Panel therefore has treated this motion as a Motion for Summary Judgment.

2. It is undisputed that New York law applies to the contracts at issue and that the governing statute of limitations is the latter of six years from the date of the alleged breach or two years from the date Paladin knew of, or through the exercise of reasonable diligence could have discovered the alleged breach.

3. The Panel finds that Paladin knew of, or with the exercise of reasonable diligence could have discovered, Wausau's alleged breach of the retention warranties in the facultative certificates at issue more than two years prior to October 26, 2001. Accordingly the Panel finds that Paladin's claims in this proceeding are time barred.

4. Each party shall bear its own costs and fees and the fees and expenses of its party appointed arbitrator. Each party shall pay one half of the fees and costs of the umpire. The fees and expenses of the arbitrators and umpire shall be paid within 30 days of submission of their billings.

5. All other requests of the parties are denied.

Dated: September 12, 2007

*Robert Robinson*
Robert Robinson, Arbitrator *and by permission*

*Paul Hawksworth*
Paul Hawksworth, Arbitrator *and by permission*

*Elizabeth M*
Elizabeth M. Thompson, Umpire